UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE GRAND JURY SUBPOENA | : | No. 3:22MJ882 (TOF) |
| | : | |
| H-21-1-68/Subpoena #020 | : | September 28, 2022 |

## APPLICATION FOR NON-DISCLOSURE ORDER

The United States Government respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that the provider identified below ("Provider)") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoena identified below ("Subpoena") **until September 28, 2023, absent further order from the Court**:

| Provider(s) | Subpoena |
|---|---|
| Meta Platforms, Inc. | H-21-1-68/Subpoena #020 |

The Provider identified above is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). The subpoena requires the corresponding Provider to disclose certain records and information to the United States pursuant to 18 U.S.C. § 2703(c)(2).

Because the Government is not required to provide notice of the subpoena, *see* 18 U.S.C. §2703(c)(3), the Government may apply for an order under 18 U.S.C. § 2705(b) "commanding a provider of electronic communications service or remote computing service . . . for such period as the court deems appropriate, not to notify any other person of the existence" thereof. The order shall issue if the Court "determines that there is reason to believe that notification of the existence" of the subpoena would result in one of several enumerated harms, including "flight from prosecution; destruction of or tampering with evidence; . . . or otherwise seriously jeopardizing an investigation."

In this case, a non-disclosure order is appropriate because the subpoena relates to an ongoing criminal investigation, which is neither public nor known to all of the subjects of the investigation. Accordingly, disclosure of the subpoena would likely alert the subject of the investigation to the existence of the investigation.

Given the nature of this investigation, much of the evidence likely exists in electronic form. If alerted to the existence of the investigation, the subject of the investigation could easily destroy or tamper with that evidence, whether stored by a third-party service provider or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation, including by giving subject of the investigation an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior.

WHEREFORE, the United States Government respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or contents of the subpoena **until September 28, 2023, absent further order from the Court**, except that each Provider may disclose the subpoena to an attorney for the purpose of receiving legal advice.

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Sarah P. Karwan*
Digitally signed by SARAH KARWAN
Date: 2022.09.28 14:34:41 -04'00'

SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
United States Attorney's Office
450 Main Street
Hartford, CT  06103
860-947-1101
Sarah.P.Karwan@usdoj.gov